```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

-------------------------------X
                               :
ANDRE ADAMS,                   :
                               :    19-CV-01662 (ENV)
            Plaintiff,         :
                               :
      v.                       :
                               :    September 5, 2019
PATRICK QUIGLEY, et al.,       :    Brooklyn, New York
                               :
            Defendant.         :
                               :
-------------------------------X

        TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONE CONFERENCE
            BEFORE THE HONORABLE RAMON E. REYES, JR.
                 UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:          JOEL A. WERTHEIMER, ESQ.
                            DAVID B. SHANIES, ESQ.
                            Shanies Law Office
                            411 Lafayette Street
                            New York, New York 10003


For the Defendants:         CHRISTOPHER G. ARKO, ESQ.
                            NYC Law Department
                            100 Church Street
                            New York, New York 10007



Court Transcriber:          MARY GRECO
                            TypeWrite Word Processing Service
                            211 N. Milton Road
                            Saratoga Springs, New York 12866
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service

1  (Proceedings began at 3:30 p.m.)
2              THE CLERK:  This is Civil Cause for a Telephone
3  Conference, 19-CV-01662, Adams v. Quigley.  Plaintiff, could
4  you please state your name for the record?
5              MR. WERTHEIMER:  Joel Wertheimer and I'm joined by
6  David Shanies on the line.
7              THE CLERK:  And counsel for defendant?
8              MR. ARKO:  Christopher Arko for defendants City of
9  New York, Quigley, Delpino, and Lupardo.
10             THE COURT:  Okay.  Mr. Shanies, tell me what's going
11 on with the case.
12             MR. WERTHEIMER:  This is Mr. Wertheimer.  The
13 parties have --
14             THE COURT:  I'm sorry.
15             MR. WERTHEIMER:  No, no apologies necessary, Your
16 Honor.  The plaintiff has responded to defendant's discovery
17 request.  Defendant is providing documents tomorrow I believe.
18 And the plaintiff has made a settlement demand but it has not
19 been responded to and that's where things are.
20             THE COURT:  Mr. Arko, have you seen any problems
21 with the plaintiff's discovery responses?
22             MR. ARKO:  Nothing that I'm aware of right now, no.
23             THE COURT:  Okay.  And you'll know soon, Mr.
24 Wertheimer, whether there are problems with the City's
25 production.

1          MR. WERTHEIMER:  Yes, Your Honor.
2          THE COURT:  You should get those tomorrow or early
3 next week.  All right.  There are two officers, yes?  Or more?
4          MR. ARKO:  There's three.
5          THE COURT:  Three.  Are all three involved in the
6 excessive force or is it just one or two or what?
7          MR. ARKO:  Your Honor, there's actually not an
8 excessive force claim here, so there's only one officer who
9 was involved with escorting the plaintiff down the stairs, but
10 there's actually no excessive force claim and plaintiffs
11 stated in response to the interrogatories that he's not
12 seeking damages for physical injury.
13         THE COURT:  Oh.  Oh, I thought he fell, quote, down
14 the stairs, that there was an excessive force claim.  All
15 right.  So what is it?  A false arrest?
16         MR. ARKO:  False arrest, mal pros, and denial of
17 right to fair trial and a Monell claim too.
18         MR. WERTHEIMER:  That's correct.
19         THE COURT:  All right. So four depositions, no
20 expert discovery I take it since there's no excessive force,
21 or are you going to have a police practices expert?
22         MR. WERTHEIMER:  We haven't made that determination
23 yet, Your Honor.
24         THE COURT:  Okay.  Mr. Arko, what do you think of
25 the demand?  Something you can work with or no?

4

1     MR. ARKO:  We received the demand.  At this time we
2  won't be making an offer.  I mean if something changes, I'll
3  let plaintiff know, but I don't think that we're going to be
4  making an offer on this one.
5     THE COURT:  What's the current schedule?  So
6  assuming there are no problems with the document production
7  and interrogatory responses, we've got a lot of time left to
8  do four depositions.
9     MR. WERTHEIMER:  Yes, Your Honor.
10    THE COURT:  [Inaudible] four.  All right.  I'm going
11 to likely hold you to that so don't delay.
12    MR. ARKO:  Understood.
13    THE COURT:  Is there anything I can help you with at
14 this point?
15    MR. ARKO:  I can speak for defendants.  There's a
16 couple of issues I emailed Mr. Shanies about that I just
17 wanted to raise with the Court.  One of them is the CCRB file
18 that relates to the incident at issue in this lawsuit.  CCRB
19 completed their investigation and referred it to the police
20 department and the police department, I think as of about last
21 week referred it back to the CCRB for reconsideration.  So I
22 spoke with CCRB last week and my understanding is they're
23 currently reviewing their conclusions.  So I raised this with
24 Mr. Shanies in an email.  I believe the file would currently
25 be protected by deliberative process because even though they

```
                                                                    5
```

1  did finish the review, they're currently re-reviewing their
2  conclusions is my understanding.  So I wanted to raise that
3  with Your Honor because I didn't want to delay in producing
4  it.  But it currently still is pending, so I had not
5  originally intended to include that file with my response to
6  plaintiff's discovery demands.
7           THE COURT:  All right.  So what happens is they,
8  during their reconsideration, they will send some response
9  back to the PD?
10          MR. ARKO:  That is my understanding, yes.  I've not
11 encountered this before but having spoken to CCRB about it, I
12 believe that they -- once they've finished their current
13 secondary review, they will inform the police department of
14 what their -- whether they it used to be are changing their
15 conclusions or whether they are sticking to the original
16 conclusion.
17          THE COURT:  Okay.  And you don't know what the
18 conclusions were?
19          MR. ARKO:  No, I do.  I know what the conclusions
20 were after the completion of the first investigation, but
21 obviously I don't know what it will be after the second
22 review.
23          THE COURT:  Once all of this is done, you will be
24 producing the files?
25          MR. ARKO:  Yes.  I'm not stating that I won't

```
                                                                    5
```

1  did finish the review, they're currently re-reviewing their
2  conclusions is my understanding.  So I wanted to raise that
3  with Your Honor because I didn't want to delay in producing
4  it.  But it currently still is pending, so I had not
5  originally intended to include that file with my response to
6  plaintiff's discovery demands.
7           THE COURT:  All right.  So what happens is they,
8  during their reconsideration, they will send some response
9  back to the PD?
10          MR. ARKO:  That is my understanding, yes.  I've not
11 encountered this before but having spoken to CCRB about it, I
12 believe that they -- once they've finished their current
13 secondary review, they will inform the police department of
14 what their -- whether they it used to be are changing their
15 conclusions or whether they are sticking to the original
16 conclusion.
17          THE COURT:  Okay.  And you don't know what the
18 conclusions were?
19          MR. ARKO:  No, I do.  I know what the conclusions
20 were after the completion of the first investigation, but
21 obviously I don't know what it will be after the second
22 review.
23          THE COURT:  Once all of this is done, you will be
24 producing the files?
25          MR. ARKO:  Yes.  I'm not stating that I won't

6

1  produce it.  It's just a matter of whether we do it now or
2  once CCRB has completed its secondary review.
3              THE COURT:  Let us say for argument's sake they
4  change their decision --
5              MR. ARKO:  Yes.
6              THE COURT:  -- on reconsideration.  Does that mean
7  you will withhold your first consideration or the documents
8  that led up to it?
9              MR. ARKO:  I don't know.  I've never had this happen
10 before so I'm not sure what CCRB will do.  I don't know if
11 they would change the files that exist now or if they would
12 just issue an addendum to it.  I just think we -- I'll have to
13 see what we get once it's completed and I don't know if we may
14 have to revisit it with Your Honor but it's kind of hard to
15 say now because I've never actually had this happen before.
16             THE COURT:  Any idea how long this is going to take?
17             MR. ARKO:  Unfortunately, no.  I mean obviously I
18 asked CCRB if they could give me a ballpark of how long it
19 would take and the person I spoke to said he wasn't able to
20 give me an estimate so I really don't have, you know, any
21 timeframe at this point.
22             THE COURT: All right. Well, that's going to impact
23 depositions.  You have to hold off on them until such file is
24 produced.
25             MR. ARKO:  I mean I guess that would be up to

1   plaintiff.  I certainly understand that they would probably
2   want to see it before depositions and I'm not trying to delay
3   anything or hold anything up.  I mean maybe we could revisit
4   the issue or I can check in with Mr. Shanies periodically to
5   let him know whether or not I've gotten word for CRRB or
6   whether they've, you know, completed their secondary review.
7   But I mean again, I realize what the Court said about
8   depositions and I don't want anyone to think I'm trying to,
9   you know, slow walk it.  It's an unusual situation to be in.
10              THE COURT:  CCRB has in the file, will have
11  statements from the various witnesses, yes?
12              MR. ARKO:  That's correct, yes.
13              THE COURT:  Let's say even witnesses give their
14  statements, CCRB's rendered their initial decision,
15  [inaudible] asks them to reconsider.  Let's say they change
16  their decision.  How would you be able to withhold the initial
17  witness statements?
18              MR. ARKO:  Again, I don't know.  I don't know what
19  CCRB will, what if anything they'll do to change the content
20  of the file that they have now.  I mean it might -- I'm not
21  sure what exactly it is that they would do.  So I guess we'd
22  have to reevaluate once we get a final word from CCRB.
23              THE COURT:  They can't change a witness statement.
24  They have a witness statement, interview.  They usually record
25  them by audio.  They can't change that even if they change

```
 1  their conclusion.
 2              MR. ARKO:  No, that's correct.
 3              THE COURT:  So why not produce all that stuff now?
 4              MR. ARKO:  Just the witness interviews and those
 5  documents and maybe --
 6              THE COURT:  Anything that is not decisional.  I mean
 7  anything that, you know, that doesn't constitute their
 8  conclusion, their marshaling of the facts that the
 9  investigator does to make its decision, recommendation to the
10  board.  You know, the evidence they obtain including witness
11  statements and other things that arguably aren't covered under
12  the deliberative process privilege.
13              MR. ARKO:  Understood.
14              THE COURT:  So I mean and that's what would be
15  admissible if you will, not -- you know, what the CCRB decided
16  is not going to necessarily come in the case.
17              MR. ARKO:  Understood.
18              THE COURT:  What did Officer Jones say?  Or what did
19  the plaintiff say?  So produce that stuff and hold back on the
20  decisional documents until their reconsideration.  And then if
21  you have a problem after that, you'll raise it with me.
22              MR. ARKO:  Okay.  I can do this.  I may -- I can
23  produce all the rest of the documents they have that are
24  responsive to plaintiff's demands on Friday.  I was planning
25  to do that.  I will need to make redactions to that because
```

9

1  there are two non-parties who -- I may not be able to give
2  those to plaintiffs tomorrow but certainly by the end of next
3  week I should be able to produce those to him.
4          THE COURT:  Do you have a confidentiality provision
5  in place?
6          MR. ARKO:  Yes, we do.
7          THE COURT:  So why aren't they entitled to know who
8  the witnesses to the incident are and what they said so they
9  can --
10         MR. ARKO:  I think one of the concerns is two of the
11 individuals were issued summonses and it's my understanding
12 that both of the summonses they were issued terminated in a
13 manner that was favorable to the witnesses.  So as far as
14 information goes about what, you know, charges were issued
15 against them or what summonses they got, I believe we don't
16 have a 160-60 release from either one of those people and I
17 don't think that the confidentiality agreement would permit me
18 to disclose that sort of information.  So that's what might
19 need to be taken out of the files.
20         THE COURT:  I assume, Mr. Wertheimer, you know who
21 those people are?
22         MR. WERTHEIMER:  Yes, Your Honor.
23         THE COURT:  So redacting their names and contact
24 information is not an issue.  You can get that --
25         MR. WERTHEIMER:  I do believe so, Your Honor, yes.

                                                                  10

1        THE COURT:  All right.  I'm not so concerned about
2   that.  So go ahead.  Mr. Arko, do what you have to do and Mr.
3   Wertheimer will deal with it.
4        MR. ARKO:  Okay.
5        THE COURT:  So I will, unless there's anything --
6   well, I'd like to go off the record for a second to find out
7   what the demand was.  But before we do that, let's -- is there
8   anything else we need to talk about on the record?
9        MR. WERTHEIMER:  Yes, Your Honor.  There's actually
10  one other issue that I wanted to raise with the Court.  With
11  regard to the disciplinary histories of the defendant
12  officers, there is one entry in one of the officer's
13  disciplinary histories that is -- I'm familiar with Your
14  Honor's rule as to what needs to be produced and it's not
15  clear to me if the Court would consider this to be similar in
16  nature to the incident underlining the complaint.  And I just
17  don't want to run afoul of Your Honor's rulings, or Your
18  Honor's rules as to what needs to be produced.  And I would
19  like to submit this one entry for an in camera review for Your
20  Honor to give some direction as to whether you feel it is
21  similar in nature or whether it's not similar in nature enough
22  that it needs to be produced.
23       THE COURT:  And you would in the interim produce the
24  disciplinary history in redacted form?
25       MR. ARKO:  Correct.  I can produce -- there's only

```
                                                                  11
 1  one entry that's an issue.  The other ones I can produce
 2  with -- I'll produce to plaintiff a version of this officer's
 3  résumé with that one item redacted.  But if the Court feels
 4  that it should be produced, then I'll just supplement my
 5  disclosure with a new version of the document that doesn't
 6  have that incident redacted.
 7           THE COURT:  Yes, let's do that.  Let's produce a
 8  redacted version tomorrow and send it to me for in camera
 9  review with a letter arguing whatever you want to argue, is it
10  similar, is it not?  You don't know.  I need guidance.
11  Whatever it is.
12           MR. ARKO:  Okay.
13           THE COURT:  And then if I think it should be un-
14  redacted, I'll let you know.
15           MR. ARKO:  Thank you, Your Honor.  Would it be
16  acceptable for me to submit that letter to the Court by
17  Wednesday, the 11th?
18           THE COURT:  That's fine.  File it under seal.
19           MR. ARKO:  Okay.  Thank you.  I would just ask that
20  the Court issue an order permitting that.  I'm sure Your Honor
21  knows the clerk's office won't permit us to do that if we
22  don't have an order.  So if the minute entry could say
23  something about that, I would appreciate it.
24           THE COURT:  You know what?  Never mind.  Have it
25  delivered to chambers and then we will file it, we will have
```

```
                                                                12
 1   it filed under seal.
 2            MR. ARKO:   Will do.
 3            THE COURT:   And we'll rule what we're going to rule.
 4   All right?
 5            MR. ARKO:   Thank you, Your Honor.
 6            THE COURT:   Okay.  Can we go off the record, please?
 7            THE CLERK:   Yes.
 8            THE COURT:   Thank you.
 9   (Proceedings concluded at 3:45 p.m.)
10                          *  *  *  *  *  *
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
                                                                    13
 1       I certify that the foregoing is a court transcript from
 2  an electronic sound recording of the proceedings in the above-
 3  entitled matter.
 4
 5                              _____Mary Greco_____
 6                                     Mary Greco
 7  Dated:  September 17, 2019
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```