UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDRE ADAMS,<br><br>                        Plaintiff,<br><br>— against —<br><br>PATRICK QUIGLEY, CRAIG LUPARDO, DANIEL DELPINO, and THE CITY OF NEW YORK.<br><br>                        Defendants. | Case No. 19-CV-1662 (ENV) (RER)<br><br>PLAINTIFF'S FEDERAL RULE OF CIVIL PROCEDURE 72(a) OBJECTIONS TO THE HONORABLE RAMON E. REYES'S <u>SEPTEMBER 5, 2019 ORDER</u><br><br>**ORAL ARGUMENT REQUESTED** |

        Plaintiff Andre Adams respectfully submits, under Federal Rule of Civil Procedure ("Rule") 72(a), these objections to the September 5, 2019 Order of the Honorable Ramon E. Reyes (the "Order"), annexed as Exhibit 1.

## PRELIMINARY STATEMENT

        Judge Reyes committed clear error and contravened applicable law by ordering a secret, *in camera*, *ex parte* proceeding to issue an advisory opinion regarding Defendants' discovery obligations. There was no legal basis for such a proceeding, which circumvented the adversarial process and disregarded "the overwhelming weight of authority" for the proposition that "a court's reliance on *ex parte, in camera* submissions is strongly disfavored." *Schiller v. City of New York* ("*Schiller II*"), No. 04 Civ. 7922, 2008 U.S. Dist. LEXIS 31913, at *15 (S.D.N.Y. Apr. 18, 2008). Judge Reyes did not engage in the legal analysis necessary before authorizing such an extraordinary proceeding. Compounding the error, Judge Reyes authorized the sealed, *in camera*, *ex parte* proceeding without giving Plaintiff notice or an opportunity to be heard on the matter. Moreover, Defendants made no showing that an *ex parte* proceeding was warranted. For the reasons set forth below, the District Court should set aside the erroneous Order.

Because Judge Reyes requested, and evidently has now reviewed, *ex parte* submissions from Defendants in which Judge Reyes invited Defendants to "argu[e] whatever you want to argue," the Court should either direct Defendants to produce their *ex parte* submissions to Plaintiff and allow Plaintiff an opportunity to respond, or the case should be reassigned to a different United States Magistrate Judge.

## BACKGROUND

Mr. Adams filed this civil rights lawsuit in March 2019 against the City of New York and a number of New York City police officers, asserting state and federal law claims arising from his March 2018 arrest. Mr. Adams alleges that the individual Defendants falsely arrested him and fabricated evidence to support criminal charges against him, including a fictitious "marijuana cigarette" that officers claimed they arrested Mr. Adams for holding, but mysteriously did not recover. Among other claims, Mr. Adams asserts a *Monell* claim against the City for its disciplinary policies and practices – a claim that puts the individual Defendants' disciplinary histories squarely at issue. *See generally* Complaint (Docket Entry No. 1).

Mr. Adams and Defendants have exchanged discovery requests and responses, and agreed to a Court-issued protective order. On September 5, 2019, the parties had a telephone conference with Magistrate Judge Reyes (the "Conference"). A copy of the transcript of the Conference is annexed hereto as Exhibit 1. At the end of the conference, defense counsel informed Judge Reyes that there was "one other issue" Defendants sought to raise with the Court.[1]

---

1. Ex. 1 (Conference transcript) (hereinafter "Tr.") at 10. We note that the transcript erroneously indicates that Mr. Wertheimer, Plaintiff's counsel, made this request. There surely will be no dispute that the request came from Defendants' counsel, not Plaintiff's counsel. Judge Reyes did not address Plaintiff's counsel or ask for Plaintiff's position at any point during the relevant colloquy. (Tr. at 10-12.)

2

Defense counsel told Judge Reyes that there was some, unspecified issue regarding "the disciplinary histories of the defendant officers" and "one entry in one of the officer's disciplinary histories [sic]." (Tr. at 10.) Defense counsel stated:

> I'm familiar with Your Honor's rule as to what needs to be produced and it's not clear to me if the Court would consider this to be similar in nature to the incident [underlying] the complaint. And I just don't want to run afoul of Your Honor's rulings, or Your Honor's rules as to what needs to be produced.

(*Id.*) Defense counsel continued:

> I would like to submit this one entry for an in camera review for Your Honor to give some direction as to whether you feel it is similar in nature or whether it's not similar in nature enough that it needs to be produced.

(*Id.*)

With respect to counsel's reference to Judge Reyes's "rules," Judge Reyes's Motion and Individual Practice Rules have no provision bearing on a party's discovery obligations under the circumstances presented here. (*See generally* Ex. 2, Motion and Individual Practice Rules of Magistrate Judge Ramon E. Reyes.) With respect to counsel's reference to Judge Reyes's "rulings," the Court had not made any rulings on discovery issues in this case that might possibly bear on the issue raised during the September 5th conference.[2]

After confirming that Defendants would produce the disciplinary records other than the "one entry" to which defense counsel referred, Judge Reyes said:

> Yes, let's do that. Let's produce a redacted version tomorrow and send it to me for in camera review with a letter arguing whatever you want to argue. Is it similar, is it not? [I] don't know. I need guidance. Whatever it is.

---

2. Although it is not clear, it appears that defense counsel was referring to one or more rulings Judge Reyes has made in other, unrelated cases.

3

(Tr. at 11.) Judge Reyes then initially instructed defense counsel to file its *ex parte* submission under seal, but later told counsel to "[h]ave it delivered to chambers and then we will file it." (*Id.*) At no point during this colloquy did defense counsel make a showing, or even argue, that *ex parte*, *in camera* proceedings were warranted with respect to the documents at issue – nor that its *arguments* needed to be made in secret. Defense counsel did not assert any privilege. In fact, defense counsel never claimed that there was any discovery dispute for the Court to adjudicate.

At some point between September 5th and September 12th, defense counsel submitted unknown materials to Judge Reyes. On September 12th, Judge Reyes entered an ECF Order referencing a "Sealed in camera letter dated September 11, 2019 from Christopher Arko." Judge Reyes then wrote: "Having reviewed the submission in camera, the Court finds the documents need not be produced in unredacted form." Judge Reyes did not require any portion of Defendants' submissions to be unsealed or provided to Plaintiff, and never sought nor considered any argument from Plaintiff. Defense counsel refused to tell Plaintiff whether Defendants submitted argument or anything else beyond the documents they asked Judge Reyes to consider. (*See* Ex. 3, September 17, 2019 email correspondence.) There is no indication that Judge Reyes reviewed Plaintiff's discovery requests or Defendants' responses to those requests.

## APPLICABLE LAW

"Open courts are critical to a democratic society. Access to judicial proceedings and documents is necessary for federal courts to have a measure of accountability and for the public to have confidence in the administration of justice." *In re NBC Universal, Inc.*, 426 F. Supp. 2d 49, 51 (E.D.N.Y. 2006) (internal quotation marks omitted) (*citing Lugosch v. Pyramid*

*Co.*, 435 F.3d 110, 119 (2d Cir. 2006); *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995).

"[T]he submission of secret argument is antithetical to our adversary system of justice." *Schiller v. City of New York* ("*Schiller I*"), No. 04 Civ. 7922 (E.D.N.Y. filed Aug. 6, 2007). Indeed, "the overwhelming weight of authority favors the view that a court's reliance on *ex parte*, *in camera* submissions is strongly disfavored." *Schiller II*, 2008 U.S. Dist. LEXIS 31913, at *15. A district court generally will not entertain *ex parte* submissions unless such a remedy is "necessary." *Id.* at *18-19. *Ex parte* submissions are most often accepted in cases involving "classified information," "state secrets," or when *ex parte* submissions are "part of a statutory scheme." *Id.* at *18.

The Code of Conduct for United States Judges (the "Code") is consistent with this. Canon 3, Section A(4) dictates that, except under limited and specified circumstances, "a judge should not initiate, permit, or consider *ex parte* communications." Circumstances where *ex parte* communications are permitted include where such communications are "authorized by law" and where "circumstances require it" for "scheduling, administrative, or emergency purposes," but then "*only if* … the judge reasonable believes that no party will gain a procedural, substantive, or tactical advantage as a result of the *ex parte* communication." Code, Canon 3, Section A(4)(a)-(b) (emphasis added).

In certain circumstances – such as proceedings involving the Classified Information Procedures Act or the Foreign Intelligence Surveillance Act – courts have properly held that *in camera*, *ex parte* proceedings were authorized by law. *See, e.g.*, *United States v. Libby*, 429 F. Supp. 2d 18, 21-22 (D.D.C. 2006). Courts have also authorized *in camera*, *ex parte* proceedings to assess assertions of privilege, based on a showing that *in camera*

5

submission "is the only way to resolve an issue" without compromising a recognized privilege. *In re John Doe, Inc.*, 13 F.3d 633, 636 (2d Cir. 1994).

> In some criminal cases, *ex parte* hearings may be held where:
>
> (1) the government advances an overriding interest that is likely to be prejudiced by disclosure of the evidence at issue, (2) the order sealing the evidence is no broader than necessary to protect that interest, (3) the district court considers reasonable alternatives to proceeding *ex parte*, (4) the court makes findings adequate to support an *ex parte* proceeding, (5) the government discloses the substance of its *ex parte* submission to the defense, and (6) the district court engages in heightened scrutiny of the reliability of the *ex parte* submissions.

*United States v. Abuhamra*, 389 F.3d 309, 332 (2d Cir. 2004).

Plaintiff searched for but was unable to find a case where any court authorized a party to submit materials and argument for secret, *ex parte* consideration, without any showing of compelling need for such a procedure; and for a matter not involving national security, state secrets, or privilege.

When parties in a civil case wish to submit a discovery dispute to the court, they generally must make a motion and "include a certification that the movant has in good faith conferred or attempted to confer" with their adversary. Fed R. Civ. P. 37(a)(1). Similarly, this Court's Local Civil Rule ("Local Rule") 37.3 requires that:

> Prior to seeking judicial resolution of a discovery or non- dispositive pretrial dispute, the attorneys for the affected parties or non-party witness shall attempt to confer in good faith in person or by telephone in an effort to resolve the dispute, in conformity with Fed. R. Civ. P. 37(a)(1).

## DISCUSSION

The consideration of secret, *ex parte* argument should be among the rarest of remedies a district court employs. Such proceedings should not be used casually or routinely,

6

nor without a strong showing of necessity.  Here, there was no showing whatsoever – not even an assertion – of necessity.  The matter before Judge Reyes did not involve national security, state secrets, or even an assertion of privilege.  In fact, there was no discovery dispute before Judge Reyes at all.

Normally, if a party wishes to limit its discovery responses, it will object to the relevant discovery request and inform the other parties of exactly what it is – and is not – willing to disclose in response to the request.  If there is confusion or a dispute over the extent of that party's response, the parties are required discuss the issue and attempt to resolve it.  *See, e.g.*, Fed. R. Civ. P. 37(a); Local Rule 37.3.  Only then may the matter be brought to the court for adjudication.  In such a case, the court should hear from both sides and consider all relevant information and argument before ruling.

Here, the parties went through no such process.  Defense counsel's telling the Court that it "would like to submit [potential discovery material] for in camera review" does not represent a discovery *dispute*, and even if it did, Judge Reyes would have been obliged to hear from all parties on the matter.  Judge Reyes did not have before him Plaintiff's discovery requests and Defendants' responses and objections to the requests.  Plaintiff had no opportunity to argue that the materials in question should be discoverable.  Both defense counsel and Judge Reyes used the word "similar," but neither made clear what that meant in the context of this case, and again, Plaintiff had no opportunity to be heard on the issue.  Perhaps Judge Reyes has made discovery rulings regarding police officers' disciplinary records in other cases, but he had made none in *this* case, and for the Court to presuppose the scope of relevant discovery without considering the particular facts of this case, and without hearing from Plaintiff, would be inappropriate.  At a minimum, Judge Reyes's ruling was premature.

7

Furthermore, Judge Reyes should not have authorized *ex parte*, *in camera* procedures so readily. As noted above, such proceedings are "strongly disfavored" and should be employed exceedingly sparingly. Defendants made no argument, let alone a showing, as to why secret, *ex parte* submissions were necessary here. Plaintiff was given no opportunity to be heard on the matter. Moreover, even if Judge Reyes had found some reason to consider the relevant materials *in camera*, that determination would not automatically justify the consideration of secret *argument*. *See Schiller I* ("the submission of secret argument is antithetical to our adversary system of justice"). Defense counsel did not even explain why its submissions needed to be made under seal, let alone *ex parte*. Finally, Judge Reyes's unqualified invitation for defense counsel to "argu[e] whatever you want to argue," in secret, was improper.

## CONCLUSION

For the foregoing reasons, the Court should set aside Judge Reyes's September 5, 2019 Order authorizing secret, *ex parte* submissions by Defendants; and either order Defendants to provide their *ex parte* submissions to Plaintiff or, to avoid the appearance of impropriety, direct that the case be reassigned to a different Magistrate Judge.

DAVID B. SHANIES LAW OFFICE

Dated: September 30, 2019  
      New York, New York

By: _/s/ David W. Shanies_  
David B. Shanies  
Joel A. Wertheimer  
411 Lafayette Street, Sixth Floor  
New York, New York 10003  
(212) 951-1710 (Tel)  
(212) 951-1350 (Fax)  
*david@shanieslaw.com*  
*joel@shanieslaw.com*

*Counsel for Plaintiff Andre Adams*

8