1                       UNITED STATES DISTRICT COURT
                        EASTERN DISTRICT OF NEW YORK
2

3    -------------------------------X
                                    :
4    ANDRE ADAMS,                   :
                                    :     19-CV-01662 (ENV)
5                  Plaintiff,       :
                                    :
6          v.                       :
                                    :     September 5, 2019
7    PATRICK QUIGLEY, et al.,       :     Brooklyn, New York
                                    :
8                  Defendant.       :
                                    :
9    -------------------------------X

10

         TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONE CONFERENCE
11          BEFORE THE HONORABLE RAMON E. REYES, JR.
                  UNITED STATES MAGISTRATE JUDGE
12
     APPEARANCES:
13
     For the Plaintiff:            JOEL A. WERTHEIMER, ESQ.
14                                 DAVID B. SHANIES, ESQ.
                                   Shanies Law Office
15                                 411 Lafayette Street
                                   New York, New York 10003
16

17   For the Defendants:          CHRISTOPHER G. ARKO, ESQ.
                                   NYC Law Department
18                                 100 Church Street
                                   New York, New York 10007
19

20

21   Court Transcriber:           MARY GRECO
                                   TypeWrite Word Processing Service
22                                 211 N. Milton Road
                                   Saratoga Springs, New York 12866
23

24

25

         Proceedings recorded by electronic sound recording,
         transcript produced by transcription service

2

1   (Proceedings began at 3:30 p.m.)

2           THE CLERK:  This is Civil Cause for a Telephone

3   Conference, 19-CV-01662, <u>Adams v. Quigley</u>.  Plaintiff, could

4   you please state your name for the record?

5           MR. WERTHEIMER:  Joel Wertheimer and I'm joined by

6   David Shanies on the line.

7           THE CLERK:  And counsel for defendant?

8           MR. ARKO:  Christopher Arko for defendants City of

9   New York, Quigley, Delpino, and Lupardo.

10          THE COURT:  Okay.  Mr. Shanies, tell me what's going

11  on with the case.

12          MR. WERTHEIMER:  This is Mr. Wertheimer.  The

13  parties have --

14          THE COURT:  I'm sorry.

15          MR. WERTHEIMER:  No, no apologies necessary, Your

16  Honor.  The plaintiff has responded to defendant's discovery

17  request.  Defendant is providing documents tomorrow I believe.

18  And the plaintiff has made a settlement demand but it has not

19  been responded to and that's where things are.

20          THE COURT:  Mr. Arko, have you seen any problems

21  with the plaintiff's discovery responses?

22          MR. ARKO:  Nothing that I'm aware of right now, no.

23          THE COURT:  Okay.  And you'll know soon, Mr.

24  Wertheimer, whether there are problems with the City's

25  production.

3

1        MR. WERTHEIMER:  Yes, Your Honor.

2        THE COURT:  You should get those tomorrow or early

3  next week.  All right.  There are two officers, yes?  Or more?

4        MR. ARKO:  There's three.

5        THE COURT:  Three.  Are all three involved in the

6  excessive force or is it just one or two or what?

7        MR. ARKO:  Your Honor, there's actually not an

8  excessive force claim here, so there's only one officer who

9  was involved with escorting the plaintiff down the stairs, but

10  there's actually no excessive force claim and plaintiffs

11  stated in response to the interrogatories that he's not

12  seeking damages for physical injury.

13        THE COURT:  Oh.  Oh, I thought he fell, quote, down

14  the stairs, that there was an excessive force claim.  All

15  right.  So what is it?  A false arrest?

16        MR. ARKO:  False arrest, mal pros, and denial of

17  right to fair trial and a Monell claim too.

18        MR. WERTHEIMER:  That's correct.

19        THE COURT:  All right.  So four depositions, no

20  expert discovery I take it since there's no excessive force,

21  or are you going to have a police practices expert?

22        MR. WERTHEIMER:  We haven't made that determination

23  yet, Your Honor.

24        THE COURT:  Okay.  Mr. Arko, what do you think of

25  the demand?  Something you can work with or no?

4

1          MR. ARKO:  We received the demand.  At this time we

2   won't be making an offer.  I mean if something changes, I'll

3   let plaintiff know, but I don't think that we're going to be

4   making an offer on this one.

5          THE COURT:  What's the current schedule?  So

6   assuming there are no problems with the document production

7   and interrogatory responses, we've got a lot of time left to

8   do four depositions.

9          MR. WERTHEIMER:  Yes, Your Honor.

10         THE COURT:  [Inaudible] four.  All right.  I'm going

11  to likely hold you to that so don't delay.

12         MR. ARKO:  Understood.

13         THE COURT:  Is there anything I can help you with at

14  this point?

15         MR. ARKO:  I can speak for defendants.  There's a

16  couple of issues I emailed Mr. Shanies about that I just

17  wanted to raise with the Court.  One of them is the CCRB file

18  that relates to the incident at issue in this lawsuit.  CCRB

19  completed their investigation and referred it to the police

20  department and the police department, I think as of about last

21  week referred it back to the CCRB for reconsideration.  So I

22  spoke with CCRB last week and my understanding is they're

23  currently reviewing their conclusions.  So I raised this with

24  Mr. Shanies in an email.  I believe the file would currently

25  be protected by deliberative process because even though they

5

1  did finish the review, they're currently re-reviewing their

2  conclusions is my understanding.  So I wanted to raise that

3  with Your Honor because I didn't want to delay in producing

4  it.  But it currently still is pending, so I had not

5  originally intended to include that file with my response to

6  plaintiff's discovery demands.

7            THE COURT:  All right.  So what happens is they,

8  during their reconsideration, they will send some response

9  back to the PD?

10           MR. ARKO:  That is my understanding, yes.  I've not

11 encountered this before but having spoken to CCRB about it, I

12 believe that they -- once they've finished their current

13 secondary review, they will inform the police department of

14 what their -- whether they it used to be are changing their

15 conclusions or whether they are sticking to the original

16 conclusion.

17           THE COURT:  Okay.  And you don't know what the

18 conclusions were?

19           MR. ARKO:  No, I do.  I know what the conclusions

20 were after the completion of the first investigation, but

21 obviously I don't know what it will be after the second

22 review.

23           THE COURT:  Once all of this is done, you will be

24 producing the files?

25           MR. ARKO:  Yes.  I'm not stating that I won't

6

1   produce it.  It's just a matter of whether we do it now or

2   once CCRB has completed its secondary review.

3             THE COURT:  Let us say for argument's sake they

4   change their decision --

5             MR. ARKO:  Yes.

6             THE COURT:  -- on reconsideration.  Does that mean

7   you will withhold your first consideration or the documents

8   that led up to it?

9             MR. ARKO:  I don't know.  I've never had this happen

10  before so I'm not sure what CCRB will do.  I don't know if

11  they would change the files that exist now or if they would

12  just issue an addendum to it.  I just think we -- I'll have to

13  see what we get once it's completed and I don't know if we may

14  have to revisit it with Your Honor but it's kind of hard to

15  say now because I've never actually had this happen before.

16            THE COURT:  Any idea how long this is going to take?

17            MR. ARKO:  Unfortunately, no.  I mean obviously I

18  asked CCRB if they could give me a ballpark of how long it

19  would take and the person I spoke to said he wasn't able to

20  give me an estimate so I really don't have, you know, any

21  timeframe at this point.

22            THE COURT:  All right.  Well, that's going to impact

23  depositions.  You have to hold off on them until such file is

24  produced.

25            MR. ARKO:  I mean I guess that would be up to

7

1  plaintiff.  I certainly understand that they would probably

2  want to see it before depositions and I'm not trying to delay

3  anything or hold anything up.  I mean maybe we could revisit

4  the issue or I can check in with Mr. Shanies periodically to

5  let him know whether or not I've gotten word for CRRB or

6  whether they've, you know, completed their secondary review.

7  But I mean again, I realize what the Court said about

8  depositions and I don't want anyone to think I'm trying to,

9  you know, slow walk it.  It's an unusual situation to be in.

10         THE COURT:  CCRB has in the file, will have

11  statements from the various witnesses, yes?

12         MR. ARKO:  That's correct, yes.

13         THE COURT:  Let's say even witnesses give their

14  statements, CCRB's rendered their initial decision,

15  [inaudible] asks them to reconsider.  Let's say they change

16  their decision.  How would you be able to withhold the initial

17  witness statements?

18         MR. ARKO:  Again, I don't know.  I don't know what

19  CCRB will, what if anything they'll do to change the content

20  of the file that they have now.  I mean it might -- I'm not

21  sure what exactly it is that they would do.  So I guess we'd

22  have to reevaluate once we get a final word from CCRB.

23         THE COURT:  They can't change a witness statement.

24  They have a witness statement, interview.  They usually record

25  them by audio.  They can't change that even if they change

8

1  their conclusion.

2          MR. ARKO:  No, that's correct.

3          THE COURT:  So why not produce all that stuff now?

4          MR. ARKO:  Just the witness interviews and those

5  documents and maybe --

6          THE COURT:  Anything that is not decisional.  I mean

7  anything that, you know, that doesn't constitute their

8  conclusion, their marshaling of the facts that the

9  investigator does to make its decision, recommendation to the

10 board.  You know, the evidence they obtain including witness

11 statements and other things that arguably aren't covered under

12 the deliberative process privilege.

13         MR. ARKO:  Understood.

14         THE COURT:  So I mean and that's what would be

15 admissible if you will, not -- you know, what the CCRB decided

16 is not going to necessarily come in the case.

17         MR. ARKO:  Understood.

18         THE COURT:  What did Officer Jones say?  Or what did

19 the plaintiff say?  So produce that stuff and hold back on the

20 decisional documents until their reconsideration.  And then if

21 you have a problem after that, you'll raise it with me.

22         MR. ARKO:  Okay.  I can do this.  I may -- I can

23 produce all the rest of the documents they have that are

24 responsive to plaintiff's demands on Friday.  I was planning

25 to do that.  I will need to make redactions to that because

9

1  there are two non-parties who -- I may not be able to give

2  those to plaintiffs tomorrow but certainly by the end of next

3  week I should be able to produce those to him.

4          THE COURT:  Do you have a confidentiality provision

5  in place?

6          MR. ARKO:  Yes, we do.

7          THE COURT:  So why aren't they entitled to know who

8  the witnesses to the incident are and what they said so they

9  can --

10          MR. ARKO:  I think one of the concerns is two of the

11  individuals were issued summonses and it's my understanding

12  that both of the summonses they were issued terminated in a

13  manner that was favorable to the witnesses.  So as far as

14  information goes about what, you know, charges were issued

15  against them or what summonses they got, I believe we don't

16  have a 160-60 release from either one of those people and I

17  don't think that the confidentiality agreement would permit me

18  to disclose that sort of information.  So that's what might

19  need to be taken out of the files.

20          THE COURT:  I assume, Mr. Wertheimer, you know who

21  those people are?

22          MR. WERTHEIMER:  Yes, Your Honor.

23          THE COURT:  So redacting their names and contact

24  information is not an issue.  You can get that --

25          MR. WERTHEIMER:  I do believe so, Your Honor, yes.

10

1            THE COURT:  All right.  I'm not so concerned about

2  that.  So go ahead.  Mr. Arko, do what you have to do and Mr.

3  Wertheimer will deal with it.

4            MR. ARKO:  Okay.

5            THE COURT:  So I will, unless there's anything --

6  well, I'd like to go off the record for a second to find out

7  what the demand was.  But before we do that, let's -- is there

8  anything else we need to talk about on the record?

9            MR. WERTHEIMER:  Yes, Your Honor.  There's actually

10  one other issue that I wanted to raise with the Court.  With

11  regard to the disciplinary histories of the defendant

12  officers, there is one entry in one of the officer's

13  disciplinary histories that is -- I'm familiar with Your

14  Honor's rule as to what needs to be produced and it's not

15  clear to me if the Court would consider this to be similar in

16  nature to the incident underlining the complaint.  And I just

17  don't want to run afoul of Your Honor's rulings, or Your

18  Honor's rules as to what needs to be produced.  And I would

19  like to submit this one entry for an in camera review for Your

20  Honor to give some direction as to whether you feel it is

21  similar in nature or whether it's not similar in nature enough

22  that it needs to be produced.

23            THE COURT:  And you would in the interim produce the

24  disciplinary history in redacted form?

25            MR. ARKO:  Correct.  I can produce -- there's only

11

1   one entry that's an issue.  The other ones I can produce

2   with -- I'll produce to plaintiff a version of this officer's

3   résumé with that one item redacted.  But if the Court feels

4   that it should be produced, then I'll just supplement my

5   disclosure with a new version of the document that doesn't

6   have that incident redacted.

7           THE COURT:  Yes, let's do that.  Let's produce a

8   redacted version tomorrow and send it to me for in camera

9   review with a letter arguing whatever you want to argue, is it

10  similar, is it not?  You don't know.  I need guidance.

11  Whatever it is.

12          MR. ARKO:  Okay.

13          THE COURT:  And then if I think it should be un-

14  redacted, I'll let you know.

15          MR. ARKO:  Thank you, Your Honor.  Would it be

16  acceptable for me to submit that letter to the Court by

17  Wednesday, the 11th?

18          THE COURT:  That's fine.  File it under seal.

19          MR. ARKO:  Okay.  Thank you.  I would just ask that

20  the Court issue an order permitting that.  I'm sure Your Honor

21  knows the clerk's office won't permit us to do that if we

22  don't have an order.  So if the minute entry could say

23  something about that, I would appreciate it.

24          THE COURT:  You know what?  Never mind.  Have it

25  delivered to chambers and then we will file it, we will have

                                                                    12

1   it filed under seal.

2             MR. ARKO:  Will do.

3             THE COURT:  And we'll rule what we're going to rule.

4   All right?

5             MR. ARKO:  Thank you, Your Honor.

6             THE COURT:  Okay.  Can we go off the record, please?

7             THE CLERK:  Yes.

8             THE COURT:  Thank you.

9   (Proceedings concluded at 3:45 p.m.)

10                          *  *  *  *  *  *

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

13

1      I certify that the foregoing is a court transcript from

2 an electronic sound recording of the proceedings in the above-

3 entitled matter.

4

5                                    *Mary Greco*
  _____

6                                    Mary Greco

7 Dated:   September 17, 2019

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25