Docket No.: 19 CV 1662 (ENV)(RER)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANDRE ADAMS,

                                                                     Plaintiff,

-against-

PATRICK QUIGLEY, CRAIG LUPARDO, DANIEL DELPINO, and THE CITY OF NEW YORK,

                                                                       Defendants.

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S FEDERAL RULE OF CIVIL PROCEDURE 72(a) OBJECTION**

**GEORGIA M. PESTANA**
*Acting Corporation Counsel of the City of New York*
*    Attorney for defendants City of New York,*
*    Quigley, Lupardo, and Delpino*
*    100 Church Street*
*    New York, N.Y.  10007*

*    Of Counsel:  Christopher G. Arko*
*    Tel:  (212) 356-5044*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

ANDRE ADAMS,

                                      Plaintiff,

                 -against-                        19 CV 1662 (ENV)(RER)

PATRICK QUIGLEY, CRAIG LUPARDO, DANIEL
DELPINO, and THE CITY OF NEW YORK,

                                      Defendants.

------------------------------------------------------------------------- x

## MEMORANDUM OF LAW IN OPPOSITION TO
## PLAINTIFF'S FEDERAL RULE OF CIVIL PROCEDURE
## 72(a) OBJECTION

### PRELIMINARY STATEMENT

Plaintiff fails to show that Magistrate Judge Reyes' order was clearly erroneous or contrary to law. His motion fails to identify the high standard of review for a Federal Rule of Civil Procedure 72(a) objection, let alone overcome it. He also falsely characterizes *in camera* document reviews as rare events that should occur only in very limited circumstances, when in reality such reviews are common and well-accepted. For the reasons set forth below, his motion must be denied.

### STATEMENT OF FACTS

At the June 25, 2019 initial conference in this matter, Magistrate Judge Reyes scheduled a telephone conference for 3:30 p.m. on September 5, 2019. Dkt. Minute Entry, 6/25/2019. At 10:17 a.m. on September 5, 2019, defendants emailed plaintiff to inform him that there were two discovery-related issues defendants intended to raise during the conference. Ex. A [9/5/2019 Email]. As relevant here, defendants stated "there is an entry in one of the defendants' IAB [Internal Affairs Bureau] resumes that may not be discoverable, as it is unclear

if Judge Reyes would consider it similar in nature to the facts of this case.  I intend to ask Judge Reyes to conduct an *in camera* review to determine whether it should be produced." Ex. A [9/5/2019 Email].  Plaintiff never responded to this email.

During the telephone conference, defendants raised the issue and sought an *in camera* review, which was granted by Magistrate Judge Reyes.[1]  Pl.'s Ex. 1 at p. 10: 13 – 11: 11. Defendants' counsel explained that "I'm familiar with Your Honor's rules as to what needs to be produced [from defendants' disciplinary histories] and it's not clear to me if the Court would consider this to be similar in nature to the incident underlining the complaint.  And I just don't want to run afoul of Your Honor's rulings, or Your Honor's rules as to what needs to be produced.  And I would like to submit this one entry for an *in camera* review for Your Honor to give some direction as to whether you feel it is similar enough in nature or whether it's not similar in nature enough that it needs to be produced." Id. at 10: 13-22.  Magistrate Judge Reyes directed defendants to send the officer's IAB resume "for *in camera* review with a letter arguing whatever you want to argue, is it similar, is it not?  You don't know.  I need guidance.  Whatever it is." Id. at 11: 7-11.  Defendants noted that they had emailed plaintiff about the issue. Id. at 4: 16.  Plaintiff never voiced any objections or concerns about this arrangement during the conference.  Defendants also noted that in the interim, they would produce the officer's IAB resume with the entry at issue redacted, and would supplement their production if Magistrate Judge Reyes ruled the entry was discoverable. Id. at 10: 23 – 11: 6.

In accordance with Magistrate Judge Reyes' Order, defendants made their submission for *in camera* review on September 11, 2019.  On September 12, 2019, Magistrate Judge Reyes issued an Order stating "Having reviewed the submission *in camera*, the Court finds the documents need not be produced in unredacted form." Dkt. Minute Entry, 9/12/2019.

---

[1] Plaintiff is correct that the portion of the transcript at p. 10: 9-22 is erroneously ascribed to plaintiff's counsel.

## STANDARD OF REVIEW

"Matters concerning discovery generally are considered nondispositive of the litigation…[and] are committed to the discretion of the magistrate [judge], reviewable by the district court under the clearly erroneous or contrary to law standard." Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990) (internal quotation marks and citations omitted); see also Fed. R. Civ. P. 72(a) ("The district judge in the case must…modify or set aside any part of the order that is clearly erroneous or is contrary to law"). "Under the clearly erroneous standard of review of Rule 72(a), the magistrate judge's findings should not be rejected merely because the court would have decided the matter differently. Rather, the district court must affirm the decision of the magistrate judge unless the district court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Pall Corp. V. Entergris, Inc., 655 F. Supp. 2d 169, 172 (E.D.N.Y. 2008) (internal quotation marks and citation omitted). "'[A]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure'…and only where it runs counter to controlling authority." Pall Corp., 655 F. Supp. 2d at 172 (quoting Equal Employment Opportunities Comm'n v. First Wireless Group, Inc., 225 F.R.D. 404, 405 (E.D.N.Y. 2004)).

Furthermore, magistrate judges have broad discretion to resolve nondispositive issues. See, e.g., Pall Corp., 655 F. Supp. 2d at 172; Carter v. Logan Bus Co., 2016 U.S. Dist. LEXIS 129149, *3 (E.D.N.Y. 2016) (Vitaliano, J.). "Thus, a 'party seeking to overturn a discovery ruling [by a magistrate judge] generally bears a heavy burden.'" Travel Sentry, Inc. v. Tropp, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009) (Vitaliano, J.) (quoting Com-Tech Assoc. v. Computer Assoc. Int'l, Inc., 753 F. Supp. 1078, 1099 (E.D.N.Y. 1990) and citing 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3069 (2d ed. 2009) ("[I]t is extremely difficult to justify alteration of the magistrate judge's nondispositive

actions by the district judge")).  Such rulings are thus entitled to a "deferential standard of review." Travel Sentry, 669 F. Supp. 2d at 283.

## ARGUMENT

As an initial matter, plaintiff feigns ignorance of what rule defendants were referring to that governs discoverability of NYPD disciplinary documents in cases assigned to Magistrate Judge Reyes.  In both their email and on record at the conference, defendants clearly stated their concern was whether Magistrate Judge Reyes would deem the IAB resume entry similar in nature to the complaint.  Ex. A [9/5/2019 Email]; Pl.'s Ex. 1 10: 13-16.  In any event, the rule defendants were referring to derives from Frails v. City of New York, 236 F.R.D. 116 (E.D.N.Y. 2006), a decision issued by Magistrate Judge Reyes in another § 1983 lawsuit about the scope of discoverability of police officer discipline histories.  Plaintiff contends that there have been no "rulings on discovery in this case that might possibly bear" on the issue here, and "although it is not clear, it appears that defense counsel was referring to one or more rulings Judge Reyes has made in other, unrelated cases." Pl.'s Motion at p. 3.  However, Frails is readily accessible, and there is no discernable reason why its holding would not apply here.

Plaintiff is correct that defendants do not assert privilege over the IAB entry at issue.  Rather, defendants sought guidance as to whether the entry is discoverable, which requires a comparable analysis.  It is well settled that courts have broad discretion to conduct *in camera* reviews of documents to determine if they are discoverable or privileged. See, e.g., Kerr v. U.S. Dist. Court for N. Dist. Of Cal., 426 U.S. 394, 405-06 (1976) ("this Court has long held the view that *in camera* review is a highly appropriate and useful means of dealing with claims of…privilege"); Mercator Corp. v. United States (In re Grand Jury Subpoenas dated March 19, 2002 & August 2, 2002), 318 F.3d 379, 386 (2d Cir. 2002) ("*in camera* review [of documents is] a practice both long-standing and routine in cases involving claims of privilege") (collecting

cases); King Cty. v. IKB Deutsche Industreibank AG, 2012 U.S. Dist. LEXIS 112683, *10-*11 (S.D.N.Y. 2012) (conducting *in camera* review of settlement agreement to determine if it was subject to production); Barrett v. City of New York, 237 F.R.D. 39, 40 (E.D.N.Y. 2006) (conducting *in camera* review of Civilian Complaint Review Board records to determine if they were relevant and discoverable); Hartford Roman Catholic Diocesan Corp. v. Interstate Fire & Cas. Co., 2015 U.S. Dist. LEXIS 3542, *22 (D. Conn. 2015) ("courts have broad discretion to order *in camera* review to make a threshold determination of whether a document is discoverable"). Plaintiff's argument that such a process is "strongly disfavored" absent compelling need or national security or state secret concerns is thus unavailing. Certainly, he has not met his substantial burden necessary to overturn Magistrate Judge Reyes' order that the documents be submitted for *in camera* review.

Plaintiff relies primarily on Schiller v. City of New York, 2008 U.S. Dist. LEXIS 31913 (S.D.N.Y. 2008) to support his claim that Magistrate Judge Reyes improperly directed defendants to submit argument along with documents for review *in camera*. However, plaintiff ignores Schiller's observation that "that is not to say, of course, that courts…have never, or should never, review argumentative documents *ex parte* and *in camera*." Schiller, 2008 U.S. Dist. LEXIS 31913, *14 n.7 (citing Maher v. Monahan, 2000 U.S. Dist. LEXIS 8321, at *1 (S.D.N.Y. 2000)). In Maher, the Court considered *ex parte* affidavits from an Assistant Corporation Counsel in support of defendants' claim that certain NYPD investigative records were privileged. Maher, 2000 U.S. Dist. LEXIS 8321, *2-*3. Based in part on a review of the affidavits, the Court concluded the documents were properly withheld. Id. Given the broad discretion magistrate judges are afforded in resolving discovery disputes and the deferential standard of review to which such decisions are entitled, plaintiff has not met his burden here.

- 5 -

Moreover, the question of discoverability did not constitute a discovery dispute, nor could it fairly be subject to the meet and confer requirements of Federal Rule of Civil Procedure 37(a)(1) or Local Civil Rule 37.3. There was no other practicable means of resolving the issue absent an *in camera* review. Nor would there be any practicable way to meet and confer without disclosing the very nature of the material at issue, which Magistrate Judge Reyes ruled was not discoverable. It bears noting that defendants did inform plaintiff by email of their intent to raise the issue during the telephone conference, and plaintiff failed to respond. Plaintiff also failed to object to the *in camera* review or otherwise voice any concern about the arrangement proposed by Magistrate Judge Reyes during the telephone conference. It was not until after Magistrate Judge Reyes ruled that the documents were not discoverable that plaintiff spoke up for the first time. Ultimately, plaintiff's attempt to cast what is a common and well-accepted procedure as unfair and unjust falls flat. Simply put, he fails to make the required showing that Magistrate Judge Reyes' Order was clearly erroneous or contrary to law. His objection to the Order must therefore be denied.

## CONCLUSION

For the foregoing reasons, defendants City of New York, Patrick Quigley, Craig Lupardo, and Daniel Delpino respectfully requests that the Court deny the relief sought by plaintiff pursuant to his Rule 72(a) objection, together with such other and further relief as this Court may deem just and proper.

Dated:  October 16, 2019
     New York, NY

              **GEORGIA M. PESTANA**
              Acting Corporation Counsel of the
              City of New York
              *Attorney for defendants City of New York, Patrick Quigley, Craig Lupardo, and Daniel Delpino*
              100 Church Street, Room 3-183
              New York, New York 10007
              (212) 356-5044

           By:  /s/
              Christopher G. Arko
              Senior Counsel
              Special Federal Litigation Division

cc:  David Shanies, Esq. (by ECF)
    *Attorney for plaintiff*