UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDRE ADAMS,<br><br>                  Plaintiff,<br><br>— against —<br><br>PATRICK QUIGLEY, CRAIG LUPARDO, DANIEL DELPINO, and THE CITY OF NEW YORK.<br><br>                  Defendants. | Case No. 19-CV-1662 (ENV) (RER)<br><br>**PLAINTIFF'S REPLY MEMORANDUM IN FURTHER SUPPORT OF FEDERAL RULE OF CIVIL PROCEDURE 72(a) OBJECTIONS TO THE HONORABLE RAMON E. REYES'S <u>SEPTEMBER 5, 2019 ORDER</u>**<br><br>**ORAL ARGUMENT REQUESTED** |

Plaintiff Andre Adams respectfully submits this reply memorandum in further support of his Rule 72(a) objections ("Objections") to the September 5, 2019 Order of the Honorable Ramon E. Reyes (the "Order"), annexed as Exhibit 1 to the Objections.

## <u>PRELIMINARY STATEMENT</u>

Defendants' memorandum in opposition to the Objections (Docket Entry No. 36 ("Opp. Mem.")) implicitly reinforces Plaintiff's position because Defendants rely entirely on cases involving assertions of privilege – an issue Defendants concede is not present here. (Opp. Mem. at 4.) Defendants also fail to rebut Plaintiff's core argument: that Defendants made no showing (or even argument) to justify Judge Reyes's consideration of secret, *ex parte* argument and defense documents.

As Plaintiff has argued, only in cases involving assertions of privilege, national security, or state secrets do courts curtail the adversary process and entertain *ex parte* submissions. (*See* Objections at 6.) Even then, courts do not authorize secret *argument* absent a compelling need – something Defendants' cases also demonstrate. The Court's authorization of secret, *ex parte* proceedings absent a showing of necessity was clearly erroneous and contrary to law, notwithstanding the Court's broad discretion in discovery matters.

**DISCUSSION**

I.      **Defendants Rely on Inapposite Cases Involving Assertions of Privilege**

Defendants cite to four cases in support of their claim that "[i]t is well settled that courts have broad discretion to conduct *in camera* reviews to determine if they are *discoverable* or privileged." (Opp. Mem. at 4-5).[1] Defendants' attempt to conflate the question of privilege with the question of relevance is where their argument breaks down. Importantly, each of the cases to which Defendants cite dealt with an assertion of *privilege*, not merely a dispute over relevance. *See Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 404 (1976) (affirming Ninth Circuit's denial of mandamus petition challenging district court's order *denying* request for *in camera* review of allegedly privileged documents, because privilege assertion was inadequately supported); *Mercator Corp. v. United States*, 318 F.3d 379 (2d Cir. 2003) (affirming district court's order enforcing grand jury subpoenas over law firm's assertion of privilege, and calling "troubling" the firm's refusal to "submit the responsive documents for *in camera* review"); *Hartford Roman Catholic Diocesan Corp. v. Interstate Fire & Cas. Co.*, No. 12-CV-1641, 2015 U.S. Dist. LEXIS 3542, at *4 (D. Conn. Jan 13, 2015) (affirming magistrate judge's order directing that allegedly "privileged attorney-client documents" be submitted for *in camera* review); *Barrett v. City of New York*, 237 F.R.D. 39 (E.D.N.Y. 2006) (granting in part and denying in part, after *in camera* review, motion to compel production of documents over which defendants asserted multiple privileges).[2]

---

1.  Defendants begin with the strange assertion that Plaintiff supposedly "feign[ed] ignorance" about Defendants' vague reference to "rules" and "rulings" – apparently because, in Defendants' view, Plaintiff should have known that "rules" and "rulings" were references to Judge Reyes's 2006 decision in *Frails v. City of New York* 236 F.R.D. 116 (E.D.N.Y.). That assertion makes little sense. Furthermore, we do not argue here about whether the reasoning *Frails* should apply in this case, because that is among the issues the parties should have briefed – and should now be required to brief – before the assigned Magistrate Judge.

2.  Defendants cite to a fifth case, but the cite is incorrect and the decision cannot be identified. The cite does not include an index number or decision date, and the Lexis Nexis cite provided corresponds to a case from

*Kerr* is not helpful to Defendants because: (1) it centered on an assertion of privilege; and (2) the Supreme Court agreed with both the district court and court of appeals that the party asserting privilege made an insufficient showing to warrant *in camera* review. *Kerr*, 426 U.S. at 404. *Barrett* also involved an assertion of privilege, but the case merits a more detailed discussion because the district court's handling of the issue provides compelling support for Plaintiff's Objections.

**II.  *Barrett v. City of New York* Supports Plaintiff's Objections**

The *Barrett* decision Defendants cite arose from a Section 1983 case alleging false arrest, malicious prosecution, evidence fabrication, and an illegal strip search. *Barrett*, 237 F.R.D. at 40. Barrett filed a motion to compel production of police disciplinary records, including those involving "unsubstantiated" claims. Barrett informed the court that the parties discussed the issue and the City agreed to produce only "substantiated" allegations of false statements and/or "allegations of a similar nature to the claims presented in the complaint." *Barrett v. City of New York*, No. 05-CV-3760, ECF Docket Entry No. 22 (plaintiff's motion to compel) (filed Mar. 22, 2006). The City defendants responded, asserted multiple privileges, and presented six pages of argument as to why the records should not be discoverable. *Barrett*, ECF Docket Entry No. 24 (City's response to motion to compel) (filed Apr. 6, 2006). *Barrett* filed a reply in further support of his motion to compel. *Barrett*, ECF Docket Entry No. 25 (plaintiff's reply brief) (filed Apr. 7, 2006).

Judge Matsumoto (then a Magistrate Judge) issued an order noting that: (1) the Plaintiff insufficiently described the records he sought, and (2) the City defendants' submission

---

the Eastern District of Arkansas. *See Conner v. Outlaw*, No. 12-CV-49, 2012 U.S. Dist. LEXIS 112683 (E.D. Ark. Aug. 10, 2012).

failed to establish either the applicability of a privilege or the non-discoverability of the records at issue. *Barrett*, ECF Docket Entry No. 26 (Order) (filed Apr. 11, 2006). Barrett filed a letter further specifying the records at issue (ECF Docket Entry No. 27 (plaintiff's letter) (filed Apr. 12, 2006)), and the City defendants filed a letter asking the Court to review certain records *in camera* (*see* ECF Docket Entry No. 30 (plaintiff's letter) (filed May 13, 2006)). The City defendants' letter request seeking *in camera* review was not filed via ECF, but Barrett's response was, and it noted that "the copy of the letter sent to [Barrett] ha[d] been completely redacted except for the opening paragraph." (*Id.*) Barrett also cited to *King v. Conde*, 121 F.R.D. 180 (E.D.N.Y. 1988), which required a police defendant opposing a motion to compel production of personnel records to submit an affidavit from a person with knowledge, detailing the specific harms that disclosure would cause. (*Id.* (*citing King*, 121 F.R.D. at 189-90).)

In response, Judge Matsumoto issued an order requiring the City defendants to "provide plaintiff's counsel with sufficient information to allow him to properly respond to [defendants'] objections to disclosure," and directing Barrett to "respond thereto." *Barrett*, ECF text-only order entered May 24, 2006. Thereafter, the City defendants file a detailed, 17-page letter containing their arguments concerning the discoverability of each of the disciplinary records in question. *Barrett*, ECF Docket Entry No. 31 (defendants' letter concerning police disciplinary records) (filed May 30, 2016). The letter described each of the disciplinary matters in detail, and presented arguments as to why each should or should not be disclosed. (*Id.*) Barrett responded to the letter. *Barrett*, ECF Docket Entry No. 32 (plaintiff's letter) (filed June 2, 2006. Based on the parties' submissions, Judge Matsumoto directed the defendants to submit certain materials for *in camera* review, ECF Docket Entry No. 34 (order) (filed June 27, 2006), and, soon thereafter, decided the motion. ECF Docket Entry No. 36 (order) (filed July 12, 2006).

The differences between this case and *Barrett* are significant and compelling. In *Barrett*: (1) the parties had a ripe discovery dispute after the requisite "meet and confer"; (2) the defendants asserted multiple privileges; (3) the defendants asked the court to review certain materials *in camera* and presented reasons and argument to support that request; (4) the plaintiff had an opportunity to respond to the defendants' arguments; (5) the court directed the defendants to disclose their substantive arguments to the plaintiff; and (6) the plaintiff had the opportunity to make its counterarguments. The opposite is true here, where: (1) there was no discovery for the Court to adjudicate; (2) no privilege was asserted; (3) Defendants provided no reasons and made no showing in support of their request for *in camera* review; (4) the Court gave Plaintiff no opportunity to respond; (5) Defendants presented both the documents *and* their argument entirely in secret; and (6) Plaintiff had no opportunity to be heard on the merits.[3] What Judge Matsumoto did in *Barrett* is what Judge Reyes should have done here: (1) required a showing to justify *in camera* review, and (2) ensured that the plaintiff had access to the defendants' substantive arguments and an opportunity to answer them.

## **CONCLUSION**

While courts have substantial discretion in handling discovery matters, here, the Defendants made no showing on which Judge Reyes could have based his decision to order *in camera* review and secret, *ex parte* argument. Undoubtedly, Judge Reyes was trying to dispose of a discovery issue speedily and efficiently. Nevertheless, his chosen method for doing so improperly circumvented the adversary process and involved exceptional and "strongly

---

3. Defendants' remaining arguments are that: (1) Defendants' counsel emailed Plaintiff's counsel in advance about the request; and (2) Plaintiff did not object during the phone conference. Defendants' email came a few hours before the phone conference and was devoid of any detail about what Defendants were requesting and why. Defendants' choice to raise a discovery issue with Judge Reyes without first discussing it with Plaintiff (contravening both the Local Rules and Judge Reye's Motion and Individual Practice Rules) should not be held against Plaintiff. Nor should fact that Judge Reyes ruled on the Defendants' request without seeking Plaintiff's position. Plaintiff's Objections comply with Federal Rule of Civil Procedure 72.

5

disfavored" measures without any basis in the record to justify it. *See Schiller v. City of New York*, No. 04 Civ. 7922, 2008 U.S. Dist. LEXIS 31913, at *15 (S.D.N.Y. Apr. 18, 2008).

Because Defendants made no showing to warrant secret, *ex parte* argument and *in camera* review, the Order should be set aside. Because Judge Reyes requested, and evidently has now reviewed, *ex parte* submissions from Defendants in which Judge Reyes invited Defendants to "argu[e] whatever you want to argue," the Court should either direct Defendants to produce their *ex parte* submissions to Plaintiff and allow Plaintiff an opportunity to respond, or the case should be reassigned to a different United States Magistrate Judge.

DAVID B. SHANIES LAW OFFICE

Dated: October 23, 2019  
New York, New York

By: /s/ David W. Shanies  
David B. Shanies  
Joel A. Wertheimer  
411 Lafayette Street, Sixth Floor  
New York, New York 10003  
(212) 951-1710 (Tel)  
(212) 951-1350 (Fax)  
*david@shanieslaw.com*  
*joel@shanieslaw.com*

*Counsel for Plaintiff Andre Adams*