

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 22 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ANDRE ADAMS,

                Plaintiff,

-against-

PATRICK QUIGLEY, CRAIG LUPARDO,
DANIEL DELPINO, and THE CITY OF NEW
YORK,

                Defendants.
------------------------------------------------------------ x

MEMORANDUM & ORDER

19-CV-1662 (ENV) (RER)

VITALIANO, D.J.

    Plaintiff Andre Adams brought this action against Sergeant Patrick Quigley and Officers Daniel Delpino and Craig Lupardo of the New York City Police Department (NYPD), and the City of New York, alleging civil rights violations arising from his March 22, 2018 arrest. *See generally* Dkt. 1 ("Compl."). Magistrate Judge Ramon E. Reyes, Jr., who is supervising discovery in this case, held a telephone conference on September 5, 2019 with counsel for all parties. *See* Dkt. 33 & 35-2 ("Tr."). During the conference, defense counsel requested that Judge Reyes conduct an *ex parte*, *in camera* review of one entry of an individual defendant's disciplinary history, then "give some direction as to whether [he] f[elt] it is similar in nature or whether it's not similar in nature enough that it needs to be produced."[1,2] Tr. 10:20–22. Defense counsel offered to produce the individual defendant's records, redacting the one entry, pending

---

[1] As both parties note in their briefs, the transcript erroneously attributes this request of defense counsel to plaintiff's counsel.

[2] That morning, defense counsel alerted plaintiff's counsel by email of his intention to ask Judge Reyes at conference to conduct an *in camera* review of the entry. Dkt. 37-1. Plaintiff's counsel did not respond at that time.

1

Judge Reyes's ruling. *Id.* at 10:23–11:6. Judge Reyes allowed submission of the disciplinary record defendants sought to withhold for *in camera* review along with written argument as to the dissimilarity of the conduct that was the subject of the disciplinary action to the alleged misconduct at issue. *Id.* at 11:7–11, 11:24–12:1. Plaintiff's counsel did not then object to Judge Reyes's oral ruling, nor did they otherwise voice any opinion on the matter in the week leading up to Judge Reyes's ultimate order on discoverability.

Defendants made their submission on September 11, 2019. *See* Dkt. 32. The following day, Judge Reyes entered a docket order finding "the documents need not be produced in unredacted form." Sept. 12, 2019 Order. Subsequently, Adams filed the instant objection, pursuant to Fed. R. Civ. P. 72(a).

Standard of Review

Magistrate judges are granted wide latitude to rule on nondispositive discovery matters. *Gorman v. Polar Electro, Inc.*, 137 F. Supp. 2d 223, 226 (E.D.N.Y. 2001). Their discretion, however, is not unfettered, and a district judge "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The Federal Rules of Civil Procedure allow an aggrieved party to lodge its timely objection with the district court to modify or set aside any such orders. Fed. R. Civ. P. 72(a). An order can be characterized as clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 542, 92 L. Ed. 746 (1948). Similarly, "[a]n order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Rathgaber v. Town of Oyster Bay*, 492 F. Supp. 2d 130, 137 (E.D.N.Y. 2007) (quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)). A party challenging a nondispositive order by a magistrate judge

carries a "heavy burden" to overcome this highly deferential standard of review. *Com-Tech Assocs. v. Comput. Assocs. Int'l, Inc.*, 753 F. Supp. 1078, 1099 (E.D.N.Y. 1990), *aff'd*, 938 F.2d 1574 (2d Cir. 1991).

Discussion

Given that no privilege is asserted by defendants to withhold its production,[3] the submission of a document *ex parte* for *in camera* review in a controversy over discovery compliance presents the odd case. By definition, denied full access to the unprivileged document subject to review, the party seeking its production without redaction comes to the argument short-handed.

Calling out *in camera* review as disfavored and available only in extraordinary circumstances, Adams argues there is no legal basis to grant such relief absent a strong showing of necessity, a showing which must be asserted in the first instance and which must generally be supported on grounds of either national security or state secrets, or by an assertion of privilege. Pl.'s Fed. R. Civ. P. 72(a) Objs. 6–8, Dkt. 35 ("Pl's. 72(a) Objs."). Plaintiff also argues defendants were required to discuss the discovery matter and attempt, in good faith, to reach a resolution among the parties. *Id.* at 7 (citing Fed. R. Civ. P. 37(a) and Local Civil Rule 37.3). Adams contends Judge Reyes compounded error by allowing *ex parte* argument, and by failing to give him an opportunity to state his position.

At the other end of the spectrum, defendants characterize *in camera* review as commonplace, well-accepted, and squarely within the discretion of a magistrate judge to conduct

---

[3] For whatever reason, defendants did not claim that the document was privileged, though police personnel records are often reviewed *in camera* upon an assertion of privilege. *See, e.g. Castellanos v. Kirkpatrick*, No. 10-CV-5075, 2015 WL 7312908, at *1, 10 (E.D.N.Y. Nov. 18, 2015); *Paulding v. City of Buffalo*, No. 10-CV-712S, 2011 WL 5187953, at *3 (W.D.N.Y. Nov. 1, 2011).

3

in determining the relevance of potentially discoverable documents, regardless of whether privilege has been asserted. Defs.' Opp'n Mem. at 4–5. They further contend the question at issue did not constitute a "dispute" within the reach of the meet and confer requirements of Fed. R. Civ. P. 37(a)(1) or Local Civil Rule 37.3, as any discussion with opposing counsel would have forced them to produce the very information they hoped would remain undisclosed. *Id.* at 6. And, although defendants do not contend plaintiff waived his objection,[4] they note that he never protested the *in camera* review until filing this appeal.

At bottom, plaintiff does acknowledge, as he must, that potentially discoverable information is often submitted for *ex parte in camera* review upon a showing that the information is highly sensitive and of governmental concern, or after a party asserts privilege. Pl.'s Reply Mem. in Further Support of Fed. R. Civ. P. 72(a) Objs. 4–5, Dkt. 38 ("Pl.'s Reply Mem."); *see, e.g., In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d 379, 386 (2d Cir. 2003) (collecting cases involving *in camera* review of documents over which privilege had been asserted); *Weberman v. Nat'l Sec. Agency*, 668 F.2d 676, 677 (2d Cir. 1982) (affirming the propriety of *in camera* review of documents concerning state secrets and national security).

Indeed, such proceedings are carved out from the general rule that our adversarial system favors: the open airing of relevant, non-privileged evidence and an opportunity for both sides to present argument. *See United States v. Abuhamra*, 389 F.3d 309, 322–23 (2d Cir. 2004) (holding, in the criminal context, that "fairness can rarely be obtained by secret, one-sided

---

[4] The parties consented to extending the time for plaintiff to object to Judge Reyes's order, Dkt. 34, which the Court denied as moot when, after receiving plaintiff's objection, it set a briefing schedule. *See* Oct. 2, 2019 Scheduling Order. Plaintiff's written objection is properly and timely before the Court.

determination of facts decisive of rights" (quoting *Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 170, 71 S. Ct. 624, 648, 95 L. Ed. 817 (1951) (Frankfurter, J., concurring))); *see also* Code of Conduct for United States Judges, Canon 3, Section A(4) (discouraging *ex parte* communications). Nevertheless, the Second Circuit grants courts broad discretion to rule on the propriety of *ex parte, in camera* submissions, counseling that a court may do so "in the exercise of its informed discretion and *on the basis of the circumstances presented.*" *In re City of New York*, 607 F.3d 923, 948 (2d Cir. 2010) (emphasis added). Accordingly, contrary to plaintiff's urging, binding precedent does not compel a categorical approach, whereby *in camera* review is clearly erroneous absent national security concerns or assertions of privilege. Instead, courts must, in their discretion, respond to the unique facts and circumstances before them.

At root, the showing Adams makes relies not on an explication of clear and controlling case law but on contortion of it. In chief, he relies on *Schiller v. City of New York*, Nos. 04-cv-7922, 04-cv-7921, 2008 WL 1777848 (S.D.N.Y. Apr. 14, 2008), to argue that *in camera* review of *ex parte* submissions are "strongly disfavored" and should not be granted absent "necessity." Pl.'s 72(a) Objs. 5 (quoting *Schiller*, 2008 WL 1777848, at *5). Yet, in *Schiller*, although the Southern District underscored the notion that materials pertaining to national security deserved review *ex parte* and *in camera*, it did not hold that such review was appropriate only upon an assertion of national security or privilege. *See Schiller*, 2008 WL 1777848, at *5–6. Indeed, such review is not beyond the pale absent either assertion. *See, e.g., United States v. Morel*, No. 09-cr-493-KAM, 2010 WL 4457773, at *2–4 (E.D.N.Y. Nov. 1, 2010) (conducting an *in camera* review of material requested under 18 U.S.C. § 3500 that the government had sought to withhold on relevancy and hearsay grounds).

5

In sum, even if the majority of decisions granting requests for *in camera* review concern either assertions of privilege or national security, plaintiff cites no case requiring such a showing as a prerequisite. In the absence of authority to the contrary, there has been no showing that Judge Reyes clearly erred in his ruling.

## Conclusion

For the foregoing reasons, plaintiff's objections are overruled and Judge Reyes's order is affirmed.

So Ordered.

Dated: Brooklyn, New York
November 11, 2019

s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge